UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| G4S JUSTICE SERVICES, INC. | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:07-cv-00945-JMS-SEB |
| | ) | |
| CORRECTIONAL PROGRAM SERVICES, INC., *et al.*, | ) ) | |
|     *Defendants*. | ) | |

## ORDER

Presently before the Court is Defendants' Motion for Judgment on the Pleadings as to Count IV (the "Motion"). [Dkt. 114.][1]

### BACKGROUND

The Complaint sets forth four counts. In the first, Plaintiff G4S Justice Services, Inc. ("G4S") seeks a money judgment for breach of contract against Defendant Correctional Program Services, Inc. ("CPS"). [Dkt. 1 at 2-3.] Count II seeks a writ of replevin against CPS, to obtain the return of equipment allegedly belonging to G4S. [*Id.* at 3-4.] Count III claims that Defendants Mr. and Mrs. Miller committed fraud, supposedly having falsely represented to G4S that they could and would pay the past-due amounts owing under the contract if G4S would continue to honor the contract. [*Id.* at 4-5.] Finally, in Count IV, G4S seeks to pierce CPS' corporate veil with respect to the Millers, CPS' (apparently only) shareholders.

Through the present Motion, Defendants (referred to collectively as CPS unless otherwise noted) asks for judgment on the pleadings only with respect to Count IV.

---

[1] By written consent of the parties, this case has been referred to this magistrate judge for all proceedings, including for the entry of judgment, as permitted under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Dkt. 93.]

-1-

## DISCUSSION

Where, as here, a motion for judgment on the pleadings attacks the sufficiency of the complaint, the motion "is subject to the same standard as a motion for dismissal for failure to state a claim." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). That standard, under the Supreme Court's recent re-interpretation of Federal Rule of Civil Procedure 8(a)(2), requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). [2] For the purposes of *Iqbal*, the Court disregards naked legal conclusions when examining the sufficiency of the complaint. *Id.* at 1949-50.

Although G4S acknowledges that its veil-piercing allegations must satisfy Rule 8(a)(2) [Dkt. 122 at 9], the Court agrees with CPS that those allegations do not do so. Rather, G4S' allegations constitute the type that *Iqbal* directs the Court to ignore; they are mere "labels and conclusions," entirely "devoid of [the] further factual enhancement" necessary to credit them, *Iqbal*, 129 S.Ct. at 1949 (quotation omitted). For example, G4S alleges that "the Millers used CPS's funds to pay their individual, personal, expenses and obligations." [Dkt. 1 ¶33.] That allegation is taken nearly verbatim from veil-piercing case law. *See Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994) (listing "payment by the corporation of individual obligations" as one factor justifying veil piercing (citation omitted)). G4S does not, however, allege any facts that would plausibly justify concluding that CPS did in fact pay the Millers' personal obligations. There is no claim that "CPS paid the Millers' mortgage" or any other bill.

---

[2] Additionally, fraud claims "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). Because the Court finds that veil-piercing allegations fail to satisfy the basic requirements of Rule 8(a)(2), the Court need not decide whether, as CPS claims, the heightened requirements of Rule 9(b) apply and, if so, whether G4S has satisfied them.

Because all of G4S' veil piercing allegations are conclusory, the Court cannot credit them in the face of CPS' Motion.[3]  In the complete absence of any allegations that would justify piercing CPS' corporate veil, the Court must find that G4S' Count IV fails.  *See Nw. Corp. v. Gabriel Mfg. Co.*, 1996 U.S. Dist. LEXIS 19275, *37 (N.D. Ill. 1996) ("[D]efendants have provided no justification for holding Mr. Bolen personally liable in this case. We refuse to disregard the corporate fiction on the basis of defendants' conclusory allegations of fraud alone. Because the amended counterclaim is devoid of any allegations to support piercing the corporate veil, Mr. Bolen's motion to dismiss is granted in its entirety.").

Although the present state of the pleadings precludes consideration of veil piercing, the Court does not intend this Order to limit G4S' ability to conduct proceedings supplemental—if G4S obtains a money judgment that CPS' property cannot satisfy.  *See* Fed. R. Civ. Pro. 69(a) (providing that execution of money judgments will follow state-law procedures absent conflict with federal statute); Ind. T.R. 69(E) (permitting institution of proceedings supplemental when "the plaintiff has no cause to believe that the levy of execution against the defendant will satisfy the judgment").  Such proceedings sound in equity, and permit the judgment-creditor to discover and obtain property held by third-parties that ought to be used to satisfy the judgment.  *Brant v. Krilich*, 835 N.E.2d 582, 586 (Ind. Ct. App. 2005).  As part of that process, the judgment-creditor can obtain access to the judgment-debtor's books and records.  *See* Fed. R. Civ. Pro. 69(a)(2); Ind. T.R. 69(E)(4).  Using information obtained from those sources, judgment-creditors

---

[3] Even if the Court could credit them, the Court would have a very difficult time finding them plausible. With the exception of an undercapitalization allegation—which does not hint at the amount of CPS' capitalization—G4S makes all its veil-piercing allegations "on information and belief" only. [Dkt. 1 ¶¶32-33.]  Such an effort to disclaim Rule 11 liability for a erroneous allegations renders those allegations suspect from the outset. *Cf. Minneapolis Elec. Supply Castings Co. v. Ross*, 1985 U.S. Dist. LEXIS 15451, **8-9 (N.D. Ill. Sept. 30, 1985) (collecting cases holding that such averments in affidavits are improper).

can—and do—argue that a court should pierce the judgment-debtors' corporate veil and make their shareholders' assets available to satisfy the judgment.  *See, e.g.*, *Int'l Fin. Servs. Corp. v. Chromas Techs. Can., Inc.*, 356 F.3d 731, 738 (7th Cir. 2004) (collecting cases in which a district court entertains veil-piercing motions during proceedings supplemental); *Mann v. Russell's Trailer Repair, Inc.*, 787 N.E.2d 922, 927 (Ind. Ct. App. 2003) (reviewing trial court's veil-piercing order entered during proceedings supplemental); *Lambert v. Farmers Bank*, 519 N.E.2d 745, 749 (Ind. Ct. App. 1988) (same).

## CONCLUSION

Given the absence of non-conclusory allegations with respect to veil piercing, the Court finds that the Complaint currently fails to show with any plausibility the availability of the equitable remedy that G4S seeks in its Count IV.  Accordingly, the Court will **GRANT** the Motion, and will **DISMISS** Count IV.  But that dismissal is **WITHOUT PREJUDICE** to G4S' ability to revisit veil-piercing during proceedings supplemental, in the event it obtains a judgment against CPS, and assuming that it can obtain evidence to support the imposition of such a remedy.

This matter is set for a telephone status conference on October 8, 2009, at 10 a.m.  Counsel shall call the Court at 317-229-3670.

09/25/2009

*(signature)*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF:**

Andrew Lorin Campbell
BAKER & DANIELS
andrew.campbell@bakerd.com

Richard Patrick Darke
DUANE MORRIS LLP
rpdarke@duanemorris.com

Christopher J. Petelle
DUANE MORRIS LLP
cjpetelle@duanemorris.com

John Joseph Tanner
BAKER & DANIELS
jjtanner@bakerd.com